UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REGINALD DALE BARNES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED COUNCIL OF HUMAN SERVICES,<br><br>　　　　Defendant. | Case No: C 19-2848 SBA<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Reginald Dale Barnes has filed a pro se complaint to challenge an unlawful detainer ("UD") judgment rendered in favor of Defendant United Council of Human Services ("UCHS") in San Francisco County Superior Court. This matter is now before the Court on Plaintiff's application to proceed in forma pauperis ("IFP") and motion for a temporary restraining order ("TRO"). For the reasons that follow, the Court denies Plaintiff's application to proceed IFP, dismisses the Complaint and denies the motion for TRO as moot.

## I. BACKGROUND

Plaintiff resides at 196 Jerrold Avenue, San Francisco, California. According to the documents attached to his Complaint, that address is a "Hope House residence" operated by Defendant UCHS. Compl. Ex. B, Dkt. 1 at 11. On or about August 13, 2018, UCHS notified Plaintiff by letter that the lease between the Hope House Program and the landlord had expired with no option of renewal. Id. As a result, UCHS's planned to relocate Plaintiff to a residence located at 1315 Newall Avenue, San Francisco. Id.

Though it is not entirely clear from the record presented, it appears that Plaintiff did not vacate his residence. Consequently, on February 11, 2019, UCHS filed a UD action against Plaintiff in San Francisco County Superior Court. Id. Ex. F, Dkt. 1 at 16. On May 3, 2019, the superior court granted UCHS's motion for summary judgment. Id. On May 9, 2019, Plaintiff appealed the ruling to the appellate department of the superior court. Mot. for TRO, Dkt. 3 at 3. The status of the appeal is not alleged. However, the records provided by Plaintiff indicate that final judgment was entered on May 15, 2019, and that a writ of possession was issued by the court on or about May 17, 2019. Id. at 8. On May 22, 2019, the San Francisco Sheriff's Department issued a Notice of Vacate. Id. at 3.[1]

Plaintiff has now filed the instant action against UCHS along with a request to proceed IFP. Dkt. 1, 2. The Complaint does not allege any claims but seeks to stay the writ of possession on the ground that the superior court erred in rendering judgment in favor of UCHS. In his motion for TRO, Plaintiff requests that this Court stay the writ pending resolution of his appeal from the judgment in the UD action.

## II. LEGAL STANDARD

The Court is permitted to screen complaints brought by litigants proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. A complaint is frivolous under § 1915 where subject matter jurisdiction is lacking. Pratt v.

---

[1] A judgment awarding possession to the plaintiff in a UD action does not automatically oust the tenant from the premises. Rather, the plaintiff must execute on the judgment through writ of possession procedures. See id. § 1170.5(a) ("if the plaintiff prevails, a writ of execution shall be issued immediately by the court upon the request of the plaintiff"); id. § 712.010 ("After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced."); Bedi v. McMullan, 160 Cal. App. 3d 272, 276 (1984) ("A valid writ of execution is the ultimate indispensable element of the legal process by which a party entitled to possession of the property acquires possession."). Once the court clerk issues the writ, the plaintiff must provide the writ to the sheriff's department, which then posts a Notice to Vacate on the subject premises. See Cal. Code Civ. P. § 1161; Lamanna v. Vognar, 17 Cal. App. 4th Supp. 4, 6 (1993).

Sumner, 807 F.2d 817, 819 (9th Cir. 1987). Pro se pleadings must be liberally construed. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## III. DISCUSSION

The threshold question presented is whether the Court has the authority to afford Plaintiff the relief he seeks; namely, an order enjoining UCHS from enforcing the writ of possession issued by the state trial court following the judgment in favor of UCHS in the UD action. It does not. Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to review state court rulings. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (citing Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes a de facto appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling...." Bianchi, 334 F.3d at 898.

Here, Plaintiff contends that the superior court erred in entering judgment in favor of UCHS and therefore the Court should stay the writ of execution while his state court appeal remains pending. See Compl., Dkt. 1 at 1, 6-8. As noted, a writ of execution is the mechanism to enforce a UD judgment. See Bedi, 160 Cal. App. 3d at 276. As such, the writ issued to UCHS is inextricably intertwined with the UD judgment, which the Court has no authority to review. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (recognizing that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); e.g., Dancy v. Aurora Loan Servs., LLC, No. C 10-2602 SBA, 2010 WL 11639683, at *2 (N.D. Cal. Sept. 2, 2010) (relying on the Rooker-Feldman doctrine to deny a request to enjoin eviction proceedings).

Apart from the Rooker-Feldman doctrine, the injunctive relief requested by Plaintiff is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Id. This Court as well as numerous others have concluded that a request to enjoin eviction proceedings is precluded under the Anti-Injunction Act. Dancy, 2010 WL 11639683, at *3 (citing cases); see also Michener v. Wells Fargo Home Mortgage, No. C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012) ("An injunction against the unlawful detainer action is not expressly authorized by Congress. Nor is such an injunction necessary to aid this court's jurisdiction. A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception….").[2]

## IV. CONCLUSION

The Court finds that it lacks subject matter jurisdiction to consider Plaintiff's claims and no amendment would cure such deficiency. Accordingly,

IT IS HEREBY ORDERED THAT the Complaint is DISMISSED for lack of subject matter jurisdiction and Plaintiff's application to proceed IFP is DENIED. Plaintiff's motion for TRO is DENIED as moot.

IT IS SO ORDERED.

Dated: 5/28/19

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[2] Dismissals under Rooker-Feldman and the Anti-Injunction Act are for lack of subject matter jurisdiction. See Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007); Confederated Tribes & Bands of Yakama Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau, 843 F.3d 810, 815-16 (9th Cir. 2016). Jurisdictional dismissals are without prejudice. See Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004).